**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

|  |  |  |
|---|---|---|
| EMMANUEL EVARISTE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 4:25-cv-280-CDL-AGH |
| | : | |
| CORE CIVIC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

Pro se Plaintiff Emmanuel Evariste, a federal immigration detainee at the Stewart Detention Center in Lumpkin, Georgia, filed an "Emergency Habeas Corpus" in the United States District Court for the Northern District of Georgia.   ECF No. 1. That court determined Plaintiff was not attacking the validity of his confinement or seeking speedier release.   ECF No. 3 at 2.   Instead, Plaintiff alleged his constitutional rights were violated during confinement.  *Id*.   The Northern District, therefore, ordered Plaintiff to "[r]estyle his Emergency Petition as a complaint brought pursuant to § 1983 and fill out the appropriate form."[1]   *Id*. at 6.

In response, Plaintiff filed four amended complaints, the first on August 13, 2025 (ECF No. 6), the second on August 28, 2025 (ECF No. 14), the third on August 29, 2028 (ECF No. 16), and the fourth on September 22, 2025 (ECF No. 27).

---

[1] If Plaintiff alleges that a federal agent or official acting under color of federal law violated his constitutional rights, his action is brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  If Plaintiff alleges that a state actor or official acting under color of state law violated his constitutional rights, his action is brought pursuant to 42 U.S.C. § 1983.  *Hale v. Tallapoosa Cnty*., 50 F.3d 1579, 1582 (11th Cir. 1995).

Following review of Plaintiff's first three amended complaints, the United States District Court for the Northern District of Georgia transferred the action to this Court.   ECF No. 20.

**ORDER TO RECAST USING REQUIRED FORM AND SUBMIT APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**

Plaintiff filed four amended complaints (ECF Nos. 6, 14, 16, 27) but failed to complete the required non-prisoner complaint form for a violation of civil rights. Additionally, Plaintiff filed two motions to proceed *in forma pauperis* (ECF Nos. 7, 11) but failed to complete the necessary non-prisoner application to proceed without prepaying fees or costs.   If Plaintiff wishes to pursue this action, he must complete both forms in full.

When completing the non-prisoner complaint for violation of civil rights, Plaintiff must list each Defendant in the heading of his complaint.   In the Statement of Claim section of the complaint, Plaintiff must answer the questions regarding where and when the events giving rise to his claim or claims occurred and describe how each Defendant was personally involved in the alleged wrongful action or inaction.   Plaintiff names Core Civic and Stewart Detention Center as Defendants in his amended complaints.   *See* ECF Nos. 6, 14, 16, 27.   Plaintiff should be aware that "[t]he purpose of *Bivens* is to deter individual federal officers from committing constitutional violations" and *Bivens* has not been extended to private prison corporations.   *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70-72 (2001).   Thus, to the extent that Plaintiff claims federal officers violated his constitutional rights, he needs to name the individual officer or official who allegedly committed the violation.

2

When Plaintiff is telling the Court how each Defendant violated his constitutional or federal statutory rights, Plaintiff must state facts showing what the Defendant did or did not do; it is not enough to simply state ambiguous or conclusory allegations. Plaintiff must write legibly. If the Court cannot read Plaintiff's recast complaint, it may be dismissed.

The general rule is that an amended or recast complaint supersedes the complaints previously filed. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (citations omitted). Thus, Plaintiff's recast complaint will take the place of the five complaints Plaintiff previously filed and all the exhibits and attachments he included with them. The Court will not refer to any previous complaints or exhibits to determine if Plaintiff has stated a claim. Plaintiff's recast complaint must be no longer than **TEN (10) PAGES** and he must refrain from attaching exhibits, affidavits, or statements.

## MOTIONS

Plaintiff filed seven motions in addition to his two incomplete motions to proceed *in forma pauperis*. These motions are denied as explained in detail below.

A.   Motion for Bond Hearing

Plaintiff filed an "affidavit in support of motion for bond hearing" that was construed to be a motion for bond hearing. ECF No. 4. This motion is difficult to decipher, but to the extent Plaintiff seeks a speedier release from confinement at Stewart Detention Center, this is not available in a civil rights action. *Preiser v.*

*Rodriquez*, 411 U.S. 475, 389, 489 (1973). Instead, Plaintiff would need to pursue release in a separately filed habeas petition brought under 28 U.S.C. § 2241. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489). Plaintiff's motion for bond hearing (ECF No. 4) is therefore **DENIED**.

B.     Motion for Reconsideration

As explained above, Plaintiff originally filed an "Emergency Habeas Corpus," that the United States District Court for the Northern District of Georgia construed to be a civil rights action. ECF Nos. 1, 3. Plaintiff filed a "Motion for Reconsider (sic) 'Motion for TRO' by Motion to Amend" in which he indicates he does not wish his "Emergency Habeas Corpus" (ECF No. 1) to be construed as a civil rights action, because he is, in fact, "seeking immediate release from confinement." ECF No. 8. But after filing this motion, Plaintiff filed three amended complaints (ECF Nos. 14, 16, 27) in which he alleges his constitutional rights were violated. Additionally, he filed an "Amended Relief Demand" in which he explains that he seeks monetary damages from the Defendants in the amount of ten million dollars. ECF No. 10.

Plaintiff cannot obtain relief from confinement in the same civil action in which he seeks damages for violation of his constitutional rights. *Preiser*, 411 U.S. at 489. Habeas petitions and complaints for civil rights violations are "mutually exclusive." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). Based on his latest amended complaint (ECF No. 27), Plaintiff is seeking damages for constitutional violations. Thus, this is an action for violation of Plaintiff's civil rights and cannot be construed as a habeas petition. To the extent that Plaintiff requests such in the "Motion for

4

Reconsider (sic) 'Motion for TRO' by Motion to Amend," the motion is **DENIED**. ECF No. 8.

  C. Motion to Keep Magistrate Judge as Presiding Judge

While this action was pending in the United States District Court for the Northern District of Georgia, Plaintiff filed a motion in which he sought "to keep the magistrate [judge] as the presiding judge in this matter until resolution."   ECF No. 9.   As explained above, Plaintiff's action has been transferred to the United States District Court for the Middle District of Georgia.   Thus, the magistrate judge that Plaintiff sought to "keep . . . as the presiding judge" is no longer assigned to or involved in this action.   Plaintiff's motion is, therefore, **DENIED**.[2]   ECF No. 9.

  D. Motion to Consolidate Case

Plaintiff filed a "Motion to Consolidate 2 Cases."   ECF No. 15.   This motion is also difficult to decipher.   Plaintiff states he "would like to consolidate this case with another case he filed[.]"   *Id.* at 1.   He states he does not have the case number for the case he wants to consolidate with the current action.   *Id.*   Plaintiff currently has only this action pending in this Court.   There is no other case to consolidate with this case.   Thus, Plaintiff's "Motion to Consolidate 2 Cases" is **DENIED**.   ECF No. 15.

  E. Motions for Bench Trial

Plaintiff also filed two motions for a bench trial.   ECF Nos. 17, 24.   In his first

---

[2] This denial does not necessarily foreclose Plaintiff from consenting in the future to have the currently assigned "United States magistrate judge . . . conduct any or all proceedings . . . and order the entry of judgment in the case" if Plaintiff desires to do so.   28 U.S.C. § 636(c)(1).

"Motion for Bench Trial," Plaintiff briefly describes the procedural history of this action and states he is "seeking a bench trial." ECF No. 17. In the second "Motion for Bench Trial," Plaintiff states, in full,

> Now comes, Plaintiff Evariste with a motion for bench trial[.] Plaintiff initially requested a bench trial. Attached is Exhibit #13 disciplinary report[.] It show[s] Defendants placed Plaintiff on phone restrictions for refusing to move back to general population after the [D]efendants removed his protective status after being a victim of a brutal fight in a cell. Defendants has (sic) engage[d] in cruel and unusual punishment[] depriving [P]laintiff of his constitutional right to call his attorneys and basic rights to contact his family.

ECF No. 24 at 1.

Thus, it is not entirely clear what relief Plaintiff seeks in these two motions. Plaintiff has yet to submit a complaint on the required form or provide the necessary information to allow the Court to determine if he can proceed *in forma pauperis*. The Court cannot conduct the preliminary review required by 28 U.S.C. § 1915(e) until it has these forms. Thus, to the extent that Plaintiff is requesting a bench trial at this time, his motions are **DENIED** as premature. ECF Nos. 17, 24.

F.    Motion to Amend

Plaintiff filed a "Motion to Amend to add claim 3: Refusal to Allow Plaintiff Phone Access to his Attorney/Intentional Infliction of Harm" in which he states unnamed persons have engaged in the "[i]ntentional [i]nfliction of [h]arm" by denying him access to the phone. ECF No. 23 at 1. Plaintiff has been ordered to file a recast complaint in which he can raise his claims against the Defendants. Plaintiff is reminded that he must provide the names of officers or officials at Stewart Detention Center who allegedly violated his constitutional or federal statutory rights. Any

claims that are not linked to named Defendants will be dismissed.  *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citations omitted) (affirming dismissal of claims when plaintiff failed to allege facts that connect defendants with any claim).

Plaintiff should also be aware that he may raise only related claims in his recast complaint.   Pursuant to Federal Rule of Civil Procedure 18, if Plaintiff named only one Defendant, he could raise as many claims as he wanted against that Defendant.   But the situation is different when Plaintiff seeks to join numerous Defendants in one action, as Plaintiff apparently wants to do in this case.   Plaintiff may not join unrelated claims and numerous Defendants in a single action.   Plaintiff must establish two prerequisites for joining Defendants: (1) he is asserting a "right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) that "any question of law or fact common to all defendants will arise in the action."   Fed. R. Civ. P. 20(a)(1)(A)-(B).   "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims."  *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (citation omitted).   For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citation omitted).   Thus, to properly join numerous Defendants under Federal Rule of Civil Procedure 20, Plaintiff must establish that the claims alleged arise from common operative facts."  *Id.*; *see also Skillern v. Georgia Dep't of Corr. Comm'r*, 379 F. App'x

7

859, 860 (11th Cir. 2010) (per curiam) (finding that plaintiff's complaint failed to comply with Rule 20 because "[t]he actions of the defendants . . . appear to be separate incidents, ranging from feeding [plaintiff] inedible food to leaving him in isolation to not giving him proper medical care to improperly convicting him of a crime, occurring on different dates, and thus, while [plaintiff] alleges that the actions of each defendant showed indifference to his failing health, there appears to be no other alleged connection between the people and events [plaintiff] described.").

Plaintiff is being ordered to recast his complaint. As explained above, the recast complaint will take the place of or supersede the four complaints Plaintiff originally filed. Thus, Plaintiff's motion to amend his original complaint (or any previous complaint) is **DENIED** as moot. ECF No. 23.

## CONCLUSION

Plaintiff's Motion for Bond Hearing (ECF No. 4); Motion for Reconsideration (ECF No. 8); Motion to Keep Magistrate Judge as Presiding Judge (ECF No. 9); Motion to Consolidate (ECF No. 15); Motions for Bench Trial (ECF Nos. 17, 24); and Motion to Amend (ECF No. 23) are **DENIED**. If Plaintiff wishes to proceed with this action, it is **ORDERED** that he has **FOURTEEN (14) DAYS** from the date shown on this Order to file his complaint on the enclosed Complaint for Violation of Civil Rights (Non-Prisoner) and to complete the Application to Proceed in District Court Without Prepaying Fees or Costs (long form). Should Plaintiff fail to do so, or fail to follow the instructions in this Order, his action will be dismissed. Plaintiff should keep the Court informed of any address change and if he fails to do so, his action may

8

be dismissed.

It is **DIRECTED** that the Clerk of Court forward to Plaintiff a Complaint for Violation of Civil Rights (Non-Prisoner) and an Application to Proceed in District Court Without Prepaying Fees or Costs (long form) with the civil action number on them along with a copy of this Order.

So **ORDERED and DIRECTED**, this 23rd day of October, 2025.

　s/ *Amelia G. Helmick*　　　　　　
UNITED STATES MAGISTRATE JUDGE